IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAKWARIS ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-27-SPB-RAL |
| | ) |
| WARDEN KEITH SUTTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

In this *pro se* civil rights action, Plaintiff Jakwaris Robison ("Plaintiff"), a former inmate of the Erie County Prison ("ECP"), has sued ECP, Warden Kevin Sutter, and seven nurses who work at ECP[1] for constitutional violations that allegedly occurred in connection with Plaintiff's efforts to obtain treatment for an abscessed tooth. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72(C) and (D) the Local Civil Rules of Court.

At this phase of the proceedings, Plaintiff's Amended Complaint, ECF No. 36, is the operative pleading. In his Amended Complaint, Plaintiff avers that all Defendants were deliberately indifferent to his serious medical needs and thereby subjected him to "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments. *Id.* ¶13. Plaintiff further claims that Defendant Sutter's and Defendant Karash's "failure to train and supervise" amounted to "a due process violation under the Fourteenth Amendment . . . ." *Id.* ¶14. As redress for the alleged violation of his rights, Plaintiff seeks (among other things) declaratory relief and compensatory and punitive damages. *Id.* ¶¶16-21.

---

[1] The nursing staff Defendants include "Head Nurse Heidi Karash," Nurse Denise Long, Nurse Teri Masi, Nurse Emily Trevelline, Nurse Autumn Brown, Nurse Renee Fox, and Nurse Cindy Leana.

On July 21, 2021, Defendants Sutter and ECP filed a motion to dismiss the Amended Complaint. ECF Nos. 39, 40. The following day, Defendants Brown, Fox, Karash, Leana, Long, Masi, and Trevelline (the "Medical Defendants") filed their own motion to dismiss. ECF Nos. 41, 42. Plaintiff responded on August 27, 2021. ECF No. 45.

On November 22, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") opining that both motions to dismiss should be granted. ECF No. 49. Judge Lanzillo found that Plaintiff's averments were insufficient to state a plausible Eighth Amendment violation on the part of Defendant Sutter or the Medical Defendants, but because he did not consider those claims futile, Judge Lanzillo recommended that Plaintiff be given leave to amend them. The Magistrate Judge also recommended that Plaintiff's procedural and/or substantive due process claims and any claims against ECP be dismissed with prejudice, as those claims contained deficiencies that could not be cured through further amendment.

Objections to the Report and Recommendation were due to be filed on or before December 9, 2022. To date, no objections have been received.

After *de novo* review of the Amended Complaint, Defendants' motions and all filings related thereto, together with the Report and Recommendation, the following order is entered:

NOW, this 21st day of December, 2021;

IT IS HEREBY ORDERED that the motion to dismiss the Amended Complaint filed by Defendants Sutter and Erie County Prison, ECF No. [39], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Brown, Fox, Karash, Leana, Long, Masi, and Trevelline, ECF No. [41], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that: (i) Plaintiff's claims under 42 U.S.C. §1983 predicated upon an alleged violation of his Fourteenth Amendment procedural or substantive due

process rights, (ii) any Fourteenth Amendment claim predicated upon alleged "cruel and unusual punishment," and (iii) Plaintiff's §1983 claim against Erie County Prison are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Sutter and the Medical Defendants for alleged violations of his Eighth Amendment rights are DISMISSED without prejudice, and with leave to reassert such claims, if Plaintiff so chooses, in a Second Amended Complaint. **If Plaintiff opts to file a Second Amended Complaint, that pleading must include all claims that Plaintiff intends to pursue in one stand-alone document, and it must be filed on or before January 19, 2022. In the event Plaintiff declines to file a Second Amended Complaint on or before January 19, 2022, his §1983 Eighth Amendment claims against Defendants Sutter, Karash, Masi, Trevelline, Long, Brown, Fox, and Leana will be deemed abandoned, the Court's dismissal of those claims will be converted to a dismissal with prejudice, and the case will be closed, without further notice.** In the event Plaintiff files a Second Amended Complaint, the Defendants' responses shall be due **within 14 days thereafter**.

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on November 22, 2021, ECF No. [49], is adopted as the opinion of this Court.

SUSAN PARADISE BAXTER
United States District Judge